OPINION *Page 2 
{¶ 1} On July 15, 2005, the Stark County Grand Jury indicted appellant, Chad Baldwin, on one count of grand theft in violation of R.C. 2913.02. The indictment alleged that as a continuous course of conduct from May 1, 2004 through January 14, 2005, appellant purposefully deprived his employer, Midwest Direct, of money in excess of $5,000.00 but less than $100,000.00. Appellant processed credit card charge backs to his personal credit card.
 {¶ 2} A jury trial commenced on January 9, 2006. The jury found appellant guilty as charged. By judgment entry filed February 17, 2006, the trial court sentenced appellant to sixteen months in prison, but was granted judicial release on April 17, 2006.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO CHALLENGE A JUROR WHO HAD A BUSINESS RELATIONSHIP WITH THE COMPLAINING WITNESS OR IN THE ALTERNATIVE, THE TRIAL COURT COMMITTED PLAIN ERROR AND IN TURN DENIED THE APPELLANT A FAIR TRIAL IN FAILING TO EXCUSE THE JUROR."
 II {¶ 5} "THE APPELLANT WAS DENIED A FAIR TRIAL WHEN THE TRIAL COURT REFUSED TO ALLOW THE DEFENSE TO INQUIRE ABOUT THE CRIMINAL HISTORY OF JOSEPH NOVAK." *Page 3 
 III {¶ 6} "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE FLIGHT INSTRUCTION OR IN THE ALTERNATIVE, THE APPELLANT WAS DENIED A FAIR TRIAL DUE TO THE COURT'S ISSUANCE OF THE FLIGHT INSTRUCTION."
 IV {¶ 7} "THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I, III {¶ 8} In these assignments of error, appellant claims his trial counsel was ineffective for failing to challenge a juror who had a business relationship with Midwest Direct, and failing to object to the jury instruction on flight.
 {¶ 9} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 10} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.) *Page 4 
 {¶ 11} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 12} Appellant also argues both assignments under the plain error doctrine. An error not raised in the trial court must be plain error for an appellate court to reverse. State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error.Long. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 FAILURE TO CHALLENGE A JUROR {¶ 13} Juror No. 90 was an alternate juror, but became a regular member of the panel during the course of the trial. During voir dire, Juror No. 90 told the trial court she and her husband had business contact with Midwest Direct at one time. T. at 110. Pursuant to questioning by defense counsel, she explained they had been approached to be customers. T. at 112. She could not recall the contact person's name, but knew it was not appellant. Id. The association was positive and still ongoing. Id. Juror No. 90 believed she could remain fair and impartial. T. at 112-113. No challenge for cause was made, and all peremptorys were exhausted by appellant. T. at 113.
 {¶ 14} We fail to find any reason for the trial court to have sustained a challenge for cause given the juror's responses. As for the fact that the peremptory challenges were used, we find no deficiency in defense counsel's actions nor any evidence to *Page 5 
suggest the outcome of the trial clearly would have been different under the plain error standard.
 FAILURE TO OBJECT TO INSTUCTION ON FLIGHT {¶ 15} Appellant complains of the following jury instruction on flight: "Flight may be considered by the jury as evidence of consciousness of guilt of the alleged offense of grand theft." T. at 517.
 {¶ 16} As cited by the state in its brief at 10, the Supreme Court of Ohio has held, "Flight from justice, and its analogous conduct, may be indicative of a consciousness of guilt." State v. Eaton
(1969),19 Ohio St.2d 145, paragraph six of the syllabus, vacated in part on other grounds, Eaton v. Ohio (1972), 408 U.S. 935. The Eaton court at 160 quoted the following from 2 Wigmore on Evidence (3 Ed.), 111, Section 276, and cases cited:
 {¶ 17} "`It is to-day universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.'"
 {¶ 18} Joseph Novak, a manager of appellant's, confronted appellant about a $2,499.00 credit card charge back and appellant admitted to the theft. T. at 310. Appellant asked if he could keep working and make restitution. T. at 311. Mr. Novak told appellant he would ask and to leave because the police were coming. T. at 310-311. Brian Bunnell, the company's president, spoke to appellant about the credit card charge backs and called the police. T. at 170. Appellant "left the location. He fled." Id. After being contacted by the Jackson Township Police Department, and after an arrest *Page 6 
warrant was requested on March 1, 2005, appellant left the jurisdiction. T. at 138-140, 146. Eventually, appellant was arrested on April 29, 2005 outside of Stark County, Ohio. T. at 142.
 {¶ 19} We find the failure to object to the limited flight instruction, given the facts surrounding appellant's apprehension and his admission to the theft, did not substantially affect the outcome of the trial.
 {¶ 20} Assignments of Error I and III are denied.
 II {¶ 21} Appellant claims the trial court erred in denying him the right to cross-examine Mr. Novak about his involvement in a 1986 bank robbery. We disagree.
 {¶ 22} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 23} Evid.R. 608 governs evidence of character and conduct of witness. Subsection (B) states the following:
 {¶ 24} "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid. R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for *Page 7 
truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."
 {¶ 25} There is no evidence that appellant was ever convicted of bank robbery and therefore Evid.R. 609 pertaining to impeachment by evidence of conviction of crime does not apply.
 {¶ 26} The evidence sought to be presented was an excerpt from a book chronicling the fact that Mr. Novak, while a police officer in Massachusetts, was granted immunity and given a new name by the FBI in exchange for his testimony against his Chief of Police, an accomplice in a 1986 bank robbery. T. at 6. The trial court ruled as follows:
 {¶ 27} "With regard to prior situation involving this witness, ah, Joseph Bangs [Novak], as a preliminary matter, the Court would be inclined to exclude that testimony, ah, for several reasons: One, ah, primarily because of its, ah, his — the length of time that has passed. Ah, as I understand, he was not convicted of any offense. Ah, even if he had been convicted of an offense, ah, the time period has run for its use. And even if it had not, I still would have to make a judgment under 403, ah, and — what I'm going to do, however, is leave the door open.
 {¶ 28} "Depending on what the officer testifies to on direct, ah, if, for some reason, the defense feels that the door has been opened in any reason, they should first approach the bench prior to asking any questions and I'll revisit it at that time." T. at 8-9.
 {¶ 29} At the commencement of Mr. Novak's cross-examination, defense counsel attempted to question him on prior criminal activity, but the trial court sustained the *Page 8 
state's objections. T. at 318-319. From Mr. Novak's direct examination, we find no reason for the trial court to rescind its previous ruling. Mr. Novak testified appellant admitted to the credit cards charge backs. T. at 310. In fact, appellant admitted in his own testimony to doing the charge backs, but claimed they were authorized by the company's comptroller, John Martinez. T. at 440-446. We fail to find any probative reason to develop evidence of a non-convicted charge during Mr. Novak's cross-examination.
 {¶ 30} Upon review, we find no abuse of discretion by the trial court in denying appellant the right to cross-examine Mr. Novak about his involvement in a 1986 bank robbery.
 {¶ 31} Assignment of Error II is denied.
 IV {¶ 32} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 33} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. *Page 9 
 {¶ 34} Appellant was convicted of theft in violation of R.C.2913.02(A)(1) and/or (2) and/or (3) which state the following:
 {¶ 35} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 36} "(1) Without the consent of the owner or person authorized to give consent;
 {¶ 37} "(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
 {¶ 38} "(3) By deception;"
 {¶ 39} Appellant never denied doing the credit card charge backs for his own benefit. He nonetheless claimed he was authorized to do so as a means of Midwest Direct fulfilling its salary obligation to appellant of $750.00 per week. T. at 443-446. Appellant claimed Mr. Martinez told him to pay himself the weekly salary. T. at 463.
 {¶ 40} Mr. Novak, Mr. Martinez, and Mr. Bunnell all denied authorizing the credit card charge backs. T. at 173-174, 266, 317. Once confronted, appellant attempted to set up some sort of restitution with the company. T. at 170-171, 271, 273, 310-311. In addition, appellant attempted to extort a dismissal of the charges by threatening federal action as to wrongdoing by the company regarding his salary. T. at 176-181, 273; State's Exhibit 1. Appellant also admitted to making credit card charge backs for a "male acquaintance whose car was going to be repossessed." T. at 470.
 {¶ 41} It is clear the jury chose to accept the testimony of Mr. Novak, Mr. Martinez, and Mr. Bunnell over appellant's testimony. The jury was faced with a "whom *Page 10 
do you trust" situation. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v.Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990),498 U.S. 881.
 {¶ 42} Upon review, we find the evidence, if believed, supports appellant's conviction for theft, and no manifest miscarriage of justice.
 {¶ 43} Assignment of Error IV is denied.
 {¶ 44} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 By Farmer, J. Hoffman, P.J. and Edwards, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. *Page 1