[Cite as *State v. Baldwin*, 2011-Ohio-3205.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00330 |
| CHAD R. BALDWIN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal appeal from the Stark County
                               Court of Common Pleas, Case No. 2005-
                               CR-0649


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        June 27, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           CHAD R. BALDWIN  *PRO SE*
STARK COUNTY PROSECUTOR                   Box 22243
BY: KATHLEEN O. TATARSKY                  Orlando, Florida 32830
110 Central Plaza S., Ste 510
Canton, OH 44702

*Gwin, P.J.*

{¶1}   Defendant-appellant Chad R. Baldwin appeals the October 27, 2010 Judgment Entry of the Stark County Court of Common Pleas denying his second motion for new trial. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On July 15, 2005, the Stark County Grand Jury indicted appellant on one count of grand theft in violation of R.C. 2913.02. The indictment alleged as a continuous course of conduct from May 1, 2004 through January 14, 2005, appellant purposefully deprived his employer, Midwest Direct, of money in excess of $5,000.00 but less than $100,000.00. Appellant processed credit card charge backs from the business account to his personal credit card. Appellant admitted to the credit card charge backs contending he was owed the monies as wage reimbursements. *State v. Baldwin*, Stark App. No. 2009-CA-00186, 2010-Ohio-3189[1]. [Hereinafter cited as "*Baldwin II*"].

{¶3}   A jury trial commenced on January 9, 2006. The jury found appellant guilty as charged. By Judgment Entry filed February 17, 2006, the trial court sentenced appellant to sixteen months in prison, but granted judicial release on April 17, 2006. On July 9, 2007, this Court affirmed appellant's conviction in *State v. Baldwin,* Stark App. No.2006CA00076, 2007-Ohio-3511.[2] [Hereinafter cited as "*Baldwin I*"].

{¶4}   Subsequent to his criminal conviction, appellant filed a lawsuit against his employer in the Federal District Court, Northern District of Ohio, alleging Midwest Direct

---

[1] *Baldwin II* was appellant's appeal from the trial court's denial of his first motion for a new trial.
[2] A recitation of the facts supporting appellant's conviction may be found therein but we find doing so again unnecessary to our resolution of this appeal.

violated Federal wage laws and claiming monies owed for back wages. The parties subsequently settled the lawsuit. *Baldwin II* at ¶ 5.

{¶5} On November 18, 2008, appellant filed his first motion for a new trial with the trial court alleging newly discovered evidence. Specifically, appellant asserted newly discovered evidence in the settlement of the federal lawsuit relative to his wage claims and inconsistent testimony of prior fellow employees in that lawsuit and his criminal trial. The trial court conducted a hearing on appellant's motion for new trial on December 10, 2008. On June 15, 2009, the trial court, via Judgment Entry, denied appellant's motion for a new trial. *Baldwin II* at ¶ 6. This court, on July 6, 2010, affirmed the trial court's ruling that appellant was not entitled to a new trial. See, *Baldwin II*.

{¶6} On August 9, 2010 appellant filed a motion for a new trial claiming newly discovered evidence; a motion for a new trial claiming misconduct of certain prosecution witnesses who had testified during his original criminal trial and a motion requesting that the trial court issue an order finding appellant was unavoidably delayed from discovering the new evidence within one hundred twenty (120) days of his conviction. Appellant attached to these motions various documents obtained during the aforementioned federal lawsuit against his employer. The State of Ohio filed a response to the appellant's motions on October 26, 2010. The trial court overruled each of appellant's motions by judgment entry filed October 27, 2010.

{¶7} It is from the trial court's October 27, 2010 Judgment Entry denying his motion for a new trial claiming newly discovered evidence; his motion for a new trial claiming misconduct of certain prosecution witnesses who had testified during his original criminal trial and motion requesting that the trial court issue an order finding

appellant was unavoidably delayed from discovering the new evidence within one hundred twenty (120) days of his conviction that appellant has appealed raising as his sole Assignment of Error:

{¶8} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S REQUEST FOR: 1) AN ORDER OF THE COURT THAT THE APPELLANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERING NEW EVIDENCE WITHIN ONE HUNDRED TWENTY DAYS OF THE VERDICT OF THE JURY; 2) MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE; AND 3) MOTION FOR NEW TRIAL DUE TO MISCONDUCT OF THE WITNESSES FOR THE STATE."

I.

{¶9} Ohio Civil Rule 33 governs motions for a new trial:

{¶10} "(A) Grounds

{¶11} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

{¶12} " * * *

{¶13} "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the

circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses." (Emphasis added.)

{¶14} "To warrant the granting of a motion for a new trial on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result of a new trial if granted; (2) has been discovered since the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence." *State v. Petro* (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus.

{¶15} "The granting of a motion for a new trial upon the ground named [newly discovered evidence] is necessarily committed to the wise discretion of the court, and a court of error cannot reverse unless there has been a gross abuse of that discretion. And whether that discretion has been abused must be disclosed from the entire record." *State v. Petro,* supra, 148 Ohio St. at 507 and 508, 76 N.E.2d 370. (Quoting *State v. Lopa* (1917), 96 Ohio St. 410, 411, 117 N.E. 319.) An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

{¶16} In *Baldwin II* appellant argued that the settlement of his federal lawsuit claims is conclusive, newly discovered evidence he was owed almost $25,000 in back wages, and he and his employer had agreed on a $400.00 weekly salary plus

commissions as the amount owed to appellant. Appellant further maintained the credibility of the State's witnesses would have been contradicted in light of the federal litigation. Id. at ¶14.

{¶17} In *Baldwin II* we held,

{¶18} "Upon review of the above, Appellant has not demonstrated he was unavoidably prevented from discovering the alleged newly discovered evidence. Rather, Appellant was aware of the potential federal claims at the time of his criminal prosecution, but elected, upon the advice of counsel, to delay their prosecution until the criminal case was resolved. The claims relied upon by Appellant were known to him during the prosecution of the criminal charges. Furthermore, Appellant has not offered into the record the settlement agreement at issue. The mere fact a settlement was reached is not conclusive evidence of liability on the part of Midwest Direct. Furthermore, any alleged inconsistency in the statements of Midwest Direct employees in the federal lawsuit would merely serve to impeach or contradict their former testimony in the previous criminal trial." Id. at ¶ 17.

{¶19} Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus, approving and following *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to *res judicata,* a defendant cannot raise an

issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds* (1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131. Accordingly, "[t]o survive preclusion by *res judicata,* a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik* (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3; see, also, *State v. Ferko* (Oct. 3, 2001), Summit App. No. 20608, unreported, at 5; *State v. Phillips*, 9th Dist. No. 20692, 2002-Ohio-823; *State v. Elmore*, 5th Dist. No. 2005-CA-32, 2005-Ohio-5940 at ¶ 18.

{¶20} Thus, to the extent that this Court has already addressed this issue in *Baldwin II* and found that appellant is not entitled to a new trial, the doctrine of res judicata bars any further consideration. See *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233, 1996-Ohio-337; *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104.

{¶21} A review of the documents submitted in support of appellant's motions does not alter this result. The documents submitted by appellant in support of his second motion for a new trial are solely addressed to whether he was owed funds for back wages from his employer. Whether his employer owed appellant back wages or not is not dispositive of appellant's charges. Rather, appellant was convicted of theft in violation of R.C. 2913.02(A)(1) and/or (2) and/or (3) which state the following:

{¶22} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

**{¶23}** "(1) Without the consent of the owner or person authorized to give consent;

**{¶24}** "(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

**{¶25}** "(3) By deception;"

**{¶26}** Appellant never denied doing the credit card charge backs for his own benefit. He nonetheless claimed he was authorized to do so as a means of Midwest Direct fulfilling its salary obligation to appellant of $750.00 per week. (T. at 443-446). Appellant claimed Mr. Martinez told him to pay himself the weekly salary. (T. at 463). *Baldwin I* at ¶39. Thus, to cut to the chase, the issue is whether or not appellant was in fact authorized to pay himself any funds allegedly owed to him by debiting his credit card fourteen (14) times for approximately $13,186.00. (T. at 363).

**{¶27}** The petitioner has the burden of establishing that the new evidence created a strong probability of a different result if a new trial was granted. *State v. Luckett* (2001), 144 Ohio App.3d 648, 661, 761 N.E.2d 105. The evidence offered by appellant in support of his motions for a new trial does not address the central issue. Rather we find the evidence submitted is not material to the issues, is merely cumulative to former evidence, and, at best, merely impeaches or contradicts the former evidence. *State v. Petro,* supra*.*

**{¶28}** Nothing in the documents submitted in support of his second motion for new trial shows us that Mr. Novak, Mr. Martinez, Mr. Bunnell or anyone else within the organization authorized appellant to utilize self-help to recoup money he felt he was

owed by his employer. We find nothing in the documents appellant attached to his motions that would justify a new trial, even if the documents were taken at face value.

{¶29} Accordingly, the trial court did not err in denying his motion for a new trial claiming newly discovered evidence; his motion for a new trial claiming misconduct of certain prosecution witnesses who had testified during his original criminal trial and motion requesting that the trial court issue an order finding appellant was unavoidably delayed from discovering the new evidence within one hundred twenty (120) days of his conviction.

{¶30} Appellant's sole assignment of error is overruled.

{¶31} Accordingly, the October 27, 2010 Judgment Entry of the Stark County Court of Common Pleas denying appellant's motion for a new trial claiming newly discovered evidence; his motion for a new trial claiming misconduct of certain prosecution witnesses who had testified during his original criminal trial and motion requesting that the trial court issue an order finding appellant was unavoidably delayed from discovering the new evidence within one hundred twenty (120) days of his conviction is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Edwards, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JULIE A. EDWARDS

WSG:clw 0607

[Cite as *State v. Baldwin*, 2011-Ohio-3205.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                     :

                 :

         Plaintiff-Appellee    :

                 :

                 :

-vs-                        :         JUDGMENT ENTRY

                 :

CHAD R. BALDWIN           :

                 :

                 :

         Defendant-Appellant  :        CASE NO. 2010-CA-00330

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Stark County, Ohio, is affirmed. Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JULIE A. EDWARDS