[Cite as *Baldwin v. Cusma*, 2014-Ohio-5418.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| CHAD R. BALDWIN | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2014CA00075 |
| PATRICK CUSMA | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
Common Pleas, Case No.
2011-CV-01944

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 8, 2014

APPEARANCES:

For Plaintiff-Appellant

CHAD R. BALDWIN
P.O. Box 691813
Orlando, FL  32868-1813

For Defendant-Appellee

PATRICK CUSMA
702 Courtyard Centre
116 Cleveland Ave. N.W.
Canton, OH  44702

*Gwin, J.,*

{¶1} Plaintiff-appellant Chad Baldwin appeals from the April 16, 2014, Order of the Stark County Court of Common Pleas rendering judgment in favor of Plaintiff-Appellant against Defendant-Appellee in the amount of $54.10.

STATEMENT OF THE FACTS AND CASE

{¶2} The facts and case as set forth in the previous appeals in this matter are as follows:

{¶3} On July 15, 2005, the Stark County Grand Jury indicted appellant on one count of grand theft in violation of R.C. 2913.02. The indictment alleged as a continuous course of conduct from May 1, 2004 through January 14, 2005, appellant purposefully deprived his employer, Midwest Direct, of money in excess of $5,000.00 but less than $100,000.00. Appellant processed credit card charge backs from the business account to his personal credit card. Appellant admitted to the credit card charge backs contending he was owed the monies as wage reimbursements.

{¶4} A jury trial commenced on January 9, 2006. The jury found appellant guilty as charged. By Judgment Entry filed February 17, 2006, the trial court sentenced appellant to sixteen months in prison, but granted judicial release on April 17, 2006.

{¶5} On July 9, 2007, this Court affirmed appellant's conviction in *State v. Baldwin,* 5th Dist. Stark App. No. 2006CA00076, 2007-Ohio-3511.

{¶6} Subsequent to his criminal conviction, appellant filed a lawsuit against his employer in the Federal District Court, Northern District of Ohio, alleging Midwest Direct violated Federal wage laws and claiming monies owed for back wages. The parties subsequently settled the lawsuit.

{¶7}    On November 18, 2008, appellant filed a motion for a new trial with the trial court alleging newly discovered evidence. Specifically, appellant asserted newly discovered evidence in the settlement of the federal lawsuit relative to his wage claims and inconsistent testimony of prior fellow employees in that lawsuit and his criminal trial. On June 15, 2009, the trial court, via Judgment Entry, denied appellant's motion for a new trial.

{¶8}    Appellant then appealed. Pursuant to an Opinion filed on July 6, 2010 in *State v. Baldwin*, 5th Dist. Stark No. 2009-CA-00186, 2010-Ohio-3189, this Court affirmed the judgment of the trial court.

{¶9}    Appellant filed a second motion for new trial alleging newly discovered evidence and misconduct on the part of a witness for the State. The trial court overruled the motion for new trial. This Court, on June 27, 2011, again affirmed the trial court's denial of the motion for new trial in *State v. Baldwin,* 5th Dist. Stark No. 2010-CA-00330, 2011-Ohio-3205.

{¶10}   On June 24, 2011, appellant had filed the legal malpractice case that is the subject of this appeal against appellee, who had represented him. Appellant, in his complaint, alleged that appellee had failed to attach "new evidence/sales records" to appellant's motion for a new trial even though the motion had indicated that they were attached. Appellant further alleged, in part, that appellee then charged appellant to appeal from the denial of such motion and to submit the new evidence as promised, but that appellee failed to do so.   Appellant sought to be compensated for fees paid for the motion for a new trial and fees and costs paid for the subsequent two appeals, among other damages.

{¶11}   On July 20, 2011, appellee filed an answer and counterclaim. Appellee, in his counterclaim, alleged that appellant had knowingly made fraudulent statements in his complaint, that appellant had acted in bad faith and was a vexatious litigator, and that appellant owed him over $1,000.00 on an account.  Appellant filed an answer to the counterclaim on August 17, 2011.

{¶12}   Subsequently, on September 28, 2011, appellee filed a Motion for Summary Judgment.  On October 11, 2011, the trial court filed an order setting forth dates. The trial court, in the same, ordered that appellant identify his expert witness by December 2, 2011 and appellee by December 24, 2011.

{¶13}   Appellant, on October 28, 2011, filed a "Motion to Deny Defendant's Motion for Summary Judgment, Motion to Dismiss Defendant's Counterclaim and Motion to Summary Judgment."

{¶14}   On November 30, 2011, appellant filed a motion seeking an extension of time within which to identify expert witnesses. Appellee, on November 30, 2011, filed a reply to appellant's memorandum in opposition to appellee's Motion for Summary Judgment and a response to appellant's Motion for Summary Judgment.  In addition, on December 9, 2011, appellee filed a motion opposing appellant's motion for an extension of time within which to identify expert witnesses. Appellee, in such motion, requested that the trial court hold in abeyance ruling on appellant's motion to extend time until appellee knew if appellant as going to comply with discovery by December 8, 2011. Pursuant to a Judgment Entry filed on December 13, 2011, the trial court granted such motion.

{¶15}   On December 23, 2011, appellee identified his expert witnesses.

{¶16}   After a hearing on January 6, 2012 at which appellant participated by telephone, the trial court, as memorialized in an Order filed on January 10, 2012, stated that appellant had not retained or identified an expert witness.

{¶17}   As memorialized in an Order filed on January 23, 2012, the trial court granted appellee's Motion for Summary Judgment while denying that filed by appellant. The trial court, in its Order, found that appellant's legal malpractice claim against appellee was barred by the one year statute of limitations contained in R.C. 2305.11(A). The trial court noted that appellant had submitted both his own affidavit and that from another attorney stating that appellee had ended his attorney-client relationship with appellant on May 1, 2010 and that appellant had failed to submit his own affidavit to refute such evidence.   The trial court further stated, in relevant part, as follows: "Moreover, while the Court does not reach [appellee's] second argument that the sales records, even if they had been attached, would not have lead to a successful motion to a new trial, the Court notes that the issue is not within the common knowledge of the lay person, and expert testimony would be required to establish this point." The trial court noted that appellant had not offered any expert testimony and had failed to name an expert witness within the deadline established by the Court.  The trial court noted that it could dismiss appellant's complaint as a discovery sanction for failure to identify or name a witness. Finally, the trial court noted that appellant, to the extent that he was seeking summary judgment with respect to appellee's counterclaims, had not supported his Motion for Summary Judgment with any Civ.R. 56(C) evidence.

{¶18}   In response to the trial court's order, appellant filed a Motion for Reconsideration on February 13, 2012, arguing that he did offer evidence in opposition

to appellee's claim that the attorney-client relationship ended on May 1, 2010. Appellee filed a motion in opposition to the same on February 21, 2012. Via an Order filed on February 24, 2012, the trial court vacated its January 23, 2012 Order to the extent that it granted summary judgment to appellee on the basis that appellant's claim was barred by the one year statute of limitations, but granted appellee's Motion for Summary Judgment. The trial court again found that appellant had no expert witness testimony to support his motion. The trial court also dismissed appellant's claims as a sanction for failing to comply with the court's directives.

{¶19}   Appellant, on March 15, 2012, filed another Motion for Reconsideration, arguing that he had identified an expert witness by December 2, 2011. Attached to such motion were copies of checks dated March 8, 2012 and March 14, 2012 to an attorney that contained the notations that they were retainers. The trial court denied such motion on May 16, 2012. Appellant then filed another Motion for Reconsideration on May 29, 2012.  After the trial court denied such motion and ordered that appellant was not permitted to file additional Motions for Reconsideration of its May 16, 2012 Order, appellant appealed. This Court, pursuant to a Judgment Entry filed on August 30, 2012 in Case No. 2012-CA-00129, dismissed the appeal for lack of a final appealable order.

{¶20}   After his appeal was dismissed, appellant, on September 14, 2012, filed a "Motion to Re-Open Plaintiff's Complaint." Appellant, in his motion, argued that he had identified his expert witness on November 30, 2011. Appellant submitted the affidavit of Attorney Greg Roeby stating that he had been aware of appellant's complaint against appellee since February of 2009 and that he received a retainer for expert witness fees from appellant in March of 2012. Pursuant to an Order filed on October 1, 2012, the trial

court denied such motion. In addition, the trial court found that appellee was entitled to summary judgment on additional grounds. The trial court, in its Order, stated, in relevant part, as follows:

{¶21} "In his motion for summary judgment, Cusma submitted the judgment of the Fifth District Court of Appeals, *State of Ohio v. Chad Baldwin*, 2001-Ohio-3205, wherein the Appellate Court directly addressed Baldwin's claim that had Cusma attached the sales records to the motion for new trial, then the motion would have been successful. The Appellate Court stated 'we find nothing in the documents appellant attached to his motions that would justify a new trial, even if the documents were taken at face value.' Id at ¶28.

{¶22} "This argument in Cusma's summary judgment motion speaks to the application of collateral estoppel or issue preclusion. Cusma has previously raised this affirmative defense in his answer. In order for collateral estoppel to apply, it must be shown that the fact or issue "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *New Winchester Gardens, Ltd. v. Franklin County Bd. Of Revision* (1997), 80 Ohio St.3d. 36, 41.

{¶23} "The question of the whether attaching the sales records to the motion for new trial would have lead to a better result was placed directly at issue by Baldwin himself in his second, pro se motion for reconsideration. The issue was litigated and actually decided against Baldwin by a court of competent jurisdiction. As a party who

had a full and fair opportunity to litigate the issue in previous action, Baldwin is bound by the Appellate Court's previous determination.

{¶24} "Accordingly, the Court finds that Baldwin is precluded from claiming that attaching the sales records to the first motion for a new trial would have lead to a better result. As such, Baldwin cannot prove Cusma's failure to attach records proximately caused him damages. Cusma is therefore entitled to summary judgment on this alternative ground."

{¶25} Appellant, on October 19, 2012, filed another Motion to Reopen. Appellant, in such motion, argued that he had a separate malpractice claim of $54.10 and that the "sales records" had no relevance to such claim. Appellant argued that such claim was based on appellee's error in omitting the required Judgment Entry with the docketing statement filed with his first appeal (Case No. 2009CA00015). Appellant noted that his appeal in such case was dismissed as a result and that he incurred $54.10 in damages as a result. Appellant, in a filing with the trial court, had asked for a refund of $54.10 in court costs associated with such appeal.

{¶26} On October 26, 2012, appellant appealed from the trial court's October 1, 2012 Order. Pursuant to a Judgment filed on January 11, 2013 in Case No. 2012CA00197, this Court dismissed appellant's appeal for want of jurisdiction, finding that there was no final appealable order.

{¶27} Thereafter, on February 1, 2013, appellee filed a Motion to Strike both of appellant's Motions to Re-Open. On June 28, 2013, appellee filed a Notice of Dismissal, voluntarily dismissing his claims against appellant without prejudice.

**{¶28}** Appellant appealed from the trial court's January 23, 2012, February 24, 2012 and October 1, 2012 Orders. In its March 10, 2014, Opinion, this Court affirmed the trial court's decision granting summary judgment in favor of Appellee on all of Appellant's claims with the exception of a claim for $54.10 in damages separate from the sales records issue, which did not require expert witness testimony.

{¶29} Upon remand, the trial court found that "[a]ll issues raised in this case have been resolved by the March 10, 2014 decision of the Court of Appeals except the claim of Plaintiff for $54.10 in one cause of action." Based on this Court's mandate, the trial court entered judgment in favor of Appellant against Appellee in the amount of $54.10.

**{¶30}** Appellant now appeals, raising the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

**{¶31}** "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN REFUSING TO DISQUALIFY AND RECUSE ITSELF AFTER BEING SHOWN TO BE REPEATEDLY BIASED IN FAVOR OF DEFENDANT/APPELLEE.

**{¶32}** "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN AWARDING $54.10 IN DAMAGES TO APPELLANT AND THEN CLOSED APPELLANT'S COMPLAINT WITHOUT ALLOWING DISCOVERY, DUE PROCESS AND JURY TRIAL ON THE REMAINING DAMAGES DIRECTLY RELATED TO THE $54.10, "CAUSE AND EFFECT". ie) COURT COSTS, ATTORNEY FEES, LIQUIDATE DAMAGES, PUNITIVE DAMAGES ... ETC." [sic]

I.

**{¶33}** In his first assignment of error, Appellant argues that the trial court abused its discretion by refusing to disqualify and recuse itself. We disagree.

**{¶34}** "The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." *Jones v. Billingham,* 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist.1995), citing Section 5(C), Article IV, Ohio Constitution; *Adkins v. Adkins,* 43 Ohio App.3d 95, 539 N.E.2d 686 (4th Dist.1988).

**{¶35}** R.C. §2701.03 provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. *Id.* R.C. §2701.03(A) provides:

> If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

**{¶36}** An appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. *State v. Ramos,* 88 Ohio App.3d 394, 398, 623 N.E.2d 1336 (9th Dist.1993).

**{¶37}** We are without the authority to determine whether the trial court judge was biased or should have recused himself in this case. If Appellant believed the trial court

judge should have recused himself, their remedy was to file an affidavit of disqualification with the clerk of the Ohio Supreme Court.

{¶38} Appellant's first assignment of error is overruled.

## II.

{¶39} In his second assignment of error, Appellant argues that the trial court abused its discretion by entering judgment in this matter in favor of Appellant without allowing discovery, due process and a jury trial on the remaining damages related to the $54.10 judgment. We disagree.

{¶40} Upon review, we find that this Court's prior Opinion filed March 10, 2014, affirmed the trial court's decision granting summary judgment on all issues except Appellant's claim for $54.10. Upon remand, the trial court rendered judgment in favor of Appellant in the sum of $54.10. We therefore find the arguments raised by Appellant in this assignment of error are barred by the doctrine of res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.

{¶41} Appellant's second assignment of error is overruled.

{¶42}   Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Gwin, J.

Hoffman, P.J. and

Delaney, J. concur.